*450 EDITH H. JONES, Circuit Judge,
dissenting:
I respectfully dissent. Despite the majority’s exacting discussion of the issues that allegedly preclude affirming the trial court’s judgment, I am unpersuaded on two conclusions in particular: that the jury finding of a staged or fraudulent action does not subsume the elements of malicious prosecution[1]; and that the injunction against litigation of the Williamsons’ “ill practices” claim must be overturned.[2] The result of these twin rulings is to nullify the original verdict — extraordinary as it is— that Sonya’s electrocution claim was staged or fraudulent.
Far worse, though, is the parties’ abuse of the courts over the last decade. To stage an accident for insurance tribute is reprehensible. But it’s also hard to see what good, or what collectable money judgment, may come of a RICO suit against these pathetic perpetrators. This litigation, like this dissent, should end!

. How is it possible to justify the majority’s conclusion that, even though the electrocution accident was staged or fraudulent, there might have been probable cause to file Sonya’s suit?

. The majority strains common sense, it seems to me, in holding that even though the insurers committed no fraud in defending Sonya’s electrocution lawsuit — which was started by a staged or fraudulent action of plaintiffs — the insurers may have engaged in "ill practices” of litigation.